IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REYNALDO OCAMPO, JOSE IRRIZARRY TORRES, MUCIO LINO BETANCUR AND JUAN LOPEZ, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs <br><br> v. <br><br> GEORGE CARDENAS LANDSCAPING, LTD. AND GEORGE CARDENAS, INDIVIDUALLY, <br><br> Defendants. | No. 14 cv <br><br> Honorable Judge <br><br> Magistrate Judge <br><br> *JURY DEMAND* |

COMPLAINT

NOW COME Plaintiffs, REYNALDO OCAMPO, JOSE IRRIZARRY TORRES, MUCIO LINO BETANCUR AND JUAN LOPEZ, on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys JOHN W. BILLHORN and MEGHAN A. VANLEUWEN, and for their Complaint against Defendants, GEORGE CARDENAS LANDSCAPING, LTD. AND GEORGE CARDENAS, INDIVIDUALLY, state as follows:

I. **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS §115/1, *et seq.*

II. **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Davis Bacon Act, 40 U.S.C. §276a, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the

employment relationship Plaintiffs performed work in this district and are residents of this district and Defendants are or were engaged in business in this district.

### III. THE PARTIES

3. Defendant, **GEORGE CARDENAS LANDSCAPING, LTD.**, provides landscaping and maintenance services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendant, **GEORGE CARDENAS,** is the owner of George Cardenas Landscaping, LTD., and at all times relevant hereto was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5. Plaintiffs, **REYNALDO OCAMPO, JOSE IRRIZARRY TORRES, MUCIO LINO BETANCUR AND JUAN LOPEZ,** (hereinafter "the named Plaintiffs"), are former employees who have performed work for Defendants as seasonal landscaping and maintenance laborers. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs"), are past or present employees who work or worked for Defendants as described above. As employees performing duties for an enterprise engaged in commerce, the named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

6. The claims brought herein by the named Plaintiffs are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein.

7. The non-compliant practices as alleged herein were part of a practice and policy implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of

these proceedings and afforded opportunity to join their individual claims.

### IV. STATUTORY VIOLATIONS

#### Collective Action Under The Fair Labor Standards Act

8. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

#### Illinois Minimum Wage Law

9. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiffs to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV.

#### Illinois Wage Payment and Collection Act

10. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS §115/1 *et seq.*, Count V of this action is brought by the Plaintiffs to recover unpaid back wages earned on or after the date five (5) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V.

### V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

11. Plaintiffs at all times pertinent to the cause of action were employed by Defendants, said employment being integral and indispensable to Defendants' business.

12. Defendants employed named Plaintiffs and compensated them at an hourly rate of pay from 2010 to 2013.

13. Plaintiffs performed work to the benefit of the company in the morning prior to leaving the company shop, without pay for that time.

14. Additionally, at the end of the day the workers were clocked out upon finishing work at the last customers' location and therefore were not paid for travel time back to the company shop, including the drivers of those vehicles responsible for the return trip and who performed work upon arrival at the company shop at the end of the day prior to being relieved of their duties.

15. The above-described practices precluded Plaintiffs and members of the Plaintiff Class from compensation for their travel from the last job site to Defendants' shop and for pre- and post-shift work done at Defendants' shop.

16. In some instances, the unpaid time as described above may have been compensated at time and one-half the workers' regular hourly rates because if the unpaid time was properly treated as compensable, the workers would have worked over 40 hours in particular workweeks. In other instances, the unpaid time may have been compensated at the workers' regular hourly rates pursuant to the requirements of the federal and state statutes herein relied upon.

17. Plaintiffs, and all similarly situated members of the Plaintiff Class, experienced unauthorized deductions from their paychecks for uniforms. These unauthorized weekly deductions were unlawful and without written authorization by Plaintiffs and members of the Plaintiff Class as required by the federal and state statutes herein relied upon.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-17. Paragraphs 1 through 17 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 17 of this Count I.

18. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and

4

compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week, during the two (2) years preceding the filing of this action.

19. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiffs herein, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-19. Paragraphs 1 through 19 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 19 of Count II.

20. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policy and practice at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

21. Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in

any given week, in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiffs reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-21. Paragraphs 1 through 21 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 21 of Count III.

22. In denying the named Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

23. The named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiffs reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-23. Paragraphs 1 through 23 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 23 of this Count IV.

24. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

25. During a portion or all of the relevant time at issue herein, the Illinois Minimum Wage Law provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

26. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-26. Paragraphs 1 through 26 of Count IV are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 26 of this Count V.

27. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . ." Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties."

28. At all times relevant there existed an agreement between Plaintiffs, as well as members of the Plaintiff class, with Defendants that Defendants would comply in all respects with pertinent state and federal wage and hour law. Defendants have breached that agreement in that Defendants' compensation policies violate wage and hour provisions of both state and federal law.

29. The Illinois Wage Payment and Collection Act, Section 4, provides that every employer shall pay "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

30. The Illinois Wage Payment and Collection Act, Section 5, provides that "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

8

31. Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned wages to Plaintiffs and the Plaintiff class, constitute a violation of the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiffs and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT VI

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### UNAUTHORIZED DEDUCTIONS

1-31. Plaintiffs hereby re-allege and incorporate paragraphs 1 through 31 of this Complaint, as if fully set forth herein.

32. During the course of Plaintiffs' employment, Defendants made deductions from Plaintiffs' and similarly situated employees' wages for uniforms.

33. Such deductions and fines (1) were not required by law; (2) were not to Plaintiffs' or the Class' benefit; (3) were not in response to a valid wage assignment or

wage deduction order; and (4) were not made with the express written consent of Plaintiffs, given freely at the time the deductions were made.

34. Defendants violated the IWPCA, 820 ILCS 115/9, by making unauthorized and unlawful deductions from Plaintiffs' wages.

35. Plaintiffs were damaged by Defendants' violation of the IWPCA.

WHEREFORE, Plaintiffs, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order:

(a) awarding an amount of statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

(b) directing Defendants to pay to Plaintiffs reasonable attorneys' fees and costs of this action;

(c) determining the rights of the parties and directing Defendants to account for all unauthorized deductions to Plaintiffs during his employment;

(d) granting an injunction precluding Defendants from violating the IWPCA, 820 ILCS 115/1 *et seq.*; and,

(f) for such additional relief as this Court deems appropriate and just under the circumstances.

Respectfully submitted,

*Electronically Filed 6/01/2014*

/s/ John W. Billhorn
_____
John William Billhorn

Meghan A. VanLeuwen

BILLHORN LAW FIRM
120 S. State Street, Suite 400
Chicago, IL 60603
(312) 853-1450

Attorneys for Plaintiffs, and all other Plaintiffs similarly situated known or unknown.