# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Reynaldo Ocampo ("Plaintiff"), George Cardenas, Individually, and George Cardenas Landscaping Ltd., (the "Company" or "Defendants") (collectively referred to as the "Parties"), to completely settle and resolve all issues between the Parties relating to unpaid wages alleged by Plaintiff, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Company alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.,* the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.,* Case No. 14 C 04661, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied each and every allegation in the Lawsuit, and denied that it in any way violated the listed statutes, or was otherwise liable to Plaintiff.

WHEREAS, Defendants deny that they are liable to Plaintiff for any reason whatsoever, and this instrument shall not constitute any admission or evidence of unlawful or improper conduct, nor shall it be construed as constituting any admission of fault, wrongdoing or liability by Defendants;

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows;

1. **Settlement Payment**

   (a)   In consideration for the promises in this Agreement, Defendants shall pay Plaintiff the gross sum of **seven thousand nine hundred and twenty five dollars (<u>$7,925.00</u>)**, as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon Plaintiff signing this Agreement, approval of this Agreement by the Court, dismissal of the Lawsuit as provided in Paragraph 4 of this Agreement. The Settlement Payment shall be made and distributed as follows:

   (b)   Within fourteen   (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

        i.   One check payable to "Reynaldo Ocampo" in the gross amount of **three thousand nine hundred and sixty-two dollars and fifty cents (<u>$3,962.50</u>),** less required legal withholdings as payment for any alleged unpaid wages. The Company shall issue Plaintiff an IRS Form W-2 for this payment.

        ii.   One check payable to "Reynaldo Ocampo" in the gross amount of **three thousand nine hundred and sixty-two dollars and fifty cents (<u>$3,962.50</u>),** as payment for liquidated damages, penalties, and other consideration. The Company shall issue Plaintiff an IRS Form 1099 for this payment.

2. **Payment of Attorneys' Fees and Costs**

   (a)   Within fourteen (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

**Exhibit A-1**

(i)     The Company shall cause to be delivered a check payable to "Billhorn Law Firm" to John Billhorn in the amount of **six thousand nine hundred and nine dollars ($6,909.00),** representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to Billhorn Law Firm for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Billhorn Law Firm for this payment (FEIN # 26-0543160).

(ii)     The Company shall cause to be delivered a check payable to "Farmworker and Landscaper Advocacy Project" in the amount of **three thousand three hundred forty-one dollars ($3,341.00),** representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to the Farmworker and Landscaper Advocacy Project for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Farmworker and Landscaper Advocacy Project for this payment (FEIN # 36-4306362).

**3.**     **Release and Covenant Not to Sue**

(a)     To the greatest extent permitted by law, Plaintiff, on behalf of himself and his agents, heirs, and assigns, hereby waives, releases and promises never to assert in any forum any and all wage and hour claims relating in any manner to his compensation while employed with Defendants  that were or could have been asserted in the Lawsuit and  which Plaintiff ever had or may presently have against Defendants or any of the other Released Parties arising from the beginning of time up to and through and including the date Plaintiff executes this Agreement, including claims concerning or in any way related to any alleged unpaid minimum wage, straight time wage, overtime wage, final compensation, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Portal-to-Portal Act, 29 U.S.C. § 251, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA")..

(b)     The Company waives, releases and promises never to assert in any forum any and all claims that were or could have been asserted in the Lawsuit and all other claims against Plaintiff, whether asserted or not asserted, which the Company ever had or may presently have against Plaintiff arising from the beginning of time up to and through and including the date the Company executes this Agreement.

(c)     Plaintiff understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action instituted by either party alleging a breach of this Agreement.

(d)     Except as otherwise stated herein, Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Company as described in Paragraph 3a above, and any affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister companies, and as intended third-party beneficiaries, each of their vendors, predecessors, successors, heirs and assigns, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

(e)     This Agreement includes and extinguishes all claims Plaintiff may have for , attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates his claims for attorneys' fees and costs, and he hereby waives, compromises, releases and discharges any such claims and liens.

(f)     Plaintiff promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release.
Nothing in this release and covenant not to sue restricts the Plaintiff's right or the rights of the Released Parties to enforce this Agreement and the promises set forth herein.

### 4.     Dismissal

Defendant  will submit this Agreement to the Honorable Judge Amy J. St. Eve for court approval, and Plaintiff will request dismissal of the Lawsuit with prejudice and each party to bear its own fees and costs, as provided in this Agreement. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that he does not presently have any claims pending against the Released Parties before any court, agency or other person/entity other than those identified herein. The dismissal of the case shall be "without prejudice" until such times all funds have been properly credited to Plaintiff's account as well as all attorney's fee payments have also been properly credited to the attorney's accounts, at which time Defendant may enter an agreed Stipulation To Dismiss "with prejudice".

### 5.     Plaintiff's Acknowledgement of Compensation

Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated him for all wages, including minimum wage and overtime pay for each hour he worked for Defendant, and for any other damages and liquidated damages to which he alleges that he is entitled.

### 6.     Consideration Period

Plaintiff acknowledges that he has been given a reasonable time to review and consider this Agreement before signing it.

### 7.     Right to Counsel

Plaintiff acknowledges that he was informed that he has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Plaintiff acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this Agreement, and that he had an opportunity to and did negotiate over its terms. Plaintiff further acknowledges that his attorneys translated the terms of this Agreement from English to Spanish, and he fully understands these terms.

### 8.     Entire Agreement

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Plaintiff and Defendants further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.

3 of 6

No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and the Owner of the Company.

**9.**     **Full Knowledge, Consent, and Voluntary Signing**

The Parties also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this Agreement; and they have been advised to consult with an attorney, and in fact have been represented by an attorney in this matter.

**10.**     **Taxation**

For the portion of the Settlement Payment subject to tax withholdings, the Company will withhold and report legally required taxes based on the last known IRS W-4 information contained in the Company's files for Plaintiff. If Plaintiff desires to update his withholding information, Plaintiff must provide a new IRS Form W-4 at the same time as Plaintiff submits the signed Agreement to the Company. Plaintiff agrees that he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the settlement payments designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against him by any taxing authority.

**11.**     **Nonassignment**

Plaintiff expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 3(d)); (b) any rights that he may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

**12.**     **Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the Agreement.

**13.**     **Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

**14.**     **Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

15.     **<u>Confidentiality and Non-Disparagement</u>**

Except as otherwise required by law, or as part of his participation in an investigation by a government agency, Plaintiff agrees that neither he nor his attorney or agents will disclose the terms of this Agreement to anyone except Plaintiffs attorneys and tax advisors, and that such persons shall be told that the information must be kept confidential. Additionally, Plaintiff agrees that he will refrain from making any disparaging statements, comments or remarks concerning the Company, except as otherwise required by law or as part of his participation in an investigation by a government agency. Defendants agree that they will refrain from making any disparaging statements, comments or remarks concerning Plaintiff, except to the Company's attorneys, tax advisors, other officers of the Company in order to carry out their job duties, as part of their participation in an investigation by a government agency, or as required by law. All employment verification requests should be directed to the Company's Human Resources Department. If the Defendants receive an employment verification request from a prospective employer about Plaintiff, they agree only to disclose that Plaintiff was employed by the Company, the dates of employment and position(s) held and Defendant further agrees and promises that nothing regarding this lawsuit will be mentioned or suggested in the course of giving out an employment verification information.

16.     **<u>Counterpart Signatures</u>**

This Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

17.     **<u>Acknowledgement</u>**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**EACH INDIVIDUAL OR ENTITY SIGNING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE WARRANTS AND REPRESENTS THAT HE OR SHE HAS THE FULL AUTHORITY AND IS DULY AUTHORIZED AND EMPOWERED TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PARTY FOR WHICH HE OR SHE SIGNS.**

**THIS DOCUMENT IS A RELEASE OF ALL CLAIMS, PLEASE READ CAREFULLY BEFORE SIGNING**

REYNALDO OCAMPO

_____          _____
By:  Reynaldo Ocampo                                      Date


GEORGE CARDENAS LANDSCAPING, LTD.,

_____          _____
By:  George Cardenas, Owner of George           Date
      Cardenas Landscaping, Ltd.

GEORGE CARDENAS

_____          _____
By:  George Cardenas                                       Date

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Jose Irrizarry Torres ("Plaintiff"), George Cardenas, Individually, and George Cardenas Landscaping Ltd., (the "Company" or "Defendants") (collectively referred to as the "Parties"), to completely settle and resolve all issues between the Parties relating to unpaid wages alleged by Plaintiff, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Company alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.,* the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.,* Case No. 14 C 04661, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied each and every allegation in the Lawsuit, and denied that it in any way violated the listed statutes, or was otherwise liable to Plaintiff.

WHEREAS, Defendants deny that they are liable to Plaintiff for any reason whatsoever, and this instrument shall not constitute any admission or evidence of unlawful or improper conduct, nor shall it be construed as constituting any admission of fault, wrongdoing or liability by Defendants;

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows;

1. **Settlement Payment**

(a) In consideration for the promises in this Agreement, Defendants shall pay Plaintiff the gross sum of **seven thousand one hundred and one dollars (\$7,101.00)**, as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon Plaintiff signing this Agreement, approval of this Agreement by the Court, dismissal of the Lawsuit as provided in Paragraph 4 of this Agreement. The Settlement Payment shall be made and distributed as follows:

(b) Within fourteen (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

     i. One check payable to "Jose Irrizarry Torres" in the gross amount of **three thousand five hundred and fifty dollars and fifty cents (\$3,550.50),** less required legal withholdings as payment for any alleged unpaid wages. The Company shall issue Plaintiff an IRS Form W-2 for this payment.

     ii. One check payable to "Jose Irrizarry Torres" in the gross amount of **three thousand five hundred and fifty dollars and fifty cents (\$3,550.50),** as payment for liquidated damages, penalties, and other consideration. The Company shall issue Plaintiff an IRS Form 1099 for this payment.

2. **Payment of Attorneys' Fees and Costs**

(a) Within fourteen (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

**Exhibit A-2**

(i)     The Company shall cause to be delivered a check payable to "Billhorn Law Firm" to John Billhorn in the amount of **six thousand nine hundred and nine dollars ($6,909.00),** representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to Billhorn Law Firm for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Billhorn Law Firm for this payment (FEIN # 26-0543160).

(ii)     The Company shall cause to be delivered a check payable to "Farmworker and Landscaper Advocacy Project" in the amount of **three thousand three hundred forty-one dollars ($3,341.00),** representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to the Farmworker and Landscaper Advocacy Project for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Farmworker and Landscaper Advocacy Project for this payment (FEIN # 36-4306362).

**3.     Release and Covenant Not to Sue**

(a)     To the greatest extent permitted by law, Plaintiff, on behalf of himself and his agents, heirs, and assigns, hereby waives, releases and promises never to assert in any forum any and all wage and hour claims relating in any manner to his compensation while employed with Defendants that were or could have been asserted in the Lawsuit and  which Plaintiff ever had or may presently have against Defendants or any of the other Released Parties arising from the beginning of time up to and through and including the date Plaintiff executes this Agreement, including claims concerning or in any way related to any alleged unpaid minimum wage, straight time wage, overtime wage, final compensation, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Portal-to-Portal Act, 29 U.S.C. § 251, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA")..

(b)     The Company waives, releases and promises never to assert in any forum any and all claims that were or could have been asserted in the Lawsuit and all other claims against Plaintiff, whether asserted or not asserted, which the Company ever had or may presently have against Plaintiff arising from the beginning of time up to and through and including the date the Company executes this Agreement.

(c)     Plaintiff understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action instituted by either party alleging a breach of this Agreement.

(d)     Except as otherwise stated herein, Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Company as described in Paragraph 3a above, and any affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister companies, and as intended third-party beneficiaries, each of their vendors, predecessors, successors, heirs and assigns, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

(e)     This Agreement includes and extinguishes all claims Plaintiff may have for , attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates his claims for attorneys' fees and costs, and he hereby waives, compromises, releases and discharges any such claims and liens.

(f)     Plaintiff promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release.
Nothing in this release and covenant not to sue restricts the Plaintiff's right or the rights of the Released Parties to enforce this Agreement and the promises set forth herein.

## 4.     Dismissal

Defendant  will submit this Agreement to the Honorable Judge Amy J. St. Eve for court approval, and Plaintiff will request dismissal of the Lawsuit with prejudice and each party to bear its own fees and costs, as provided in this Agreement. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that he does not presently have any claims pending against the Released Parties before any court, agency or other person/entity other than those identified herein. The dismissal of the case shall be "without prejudice" until such times all funds have been properly credited to Plaintiff's account as well as all attorney's fee payments have also been properly credited to the attorney's accounts, at which time Defendant may enter an agreed Stipulation To Dismiss "with prejudice".

## 5.     Plaintiff's Acknowledgement of Compensation

Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated him for all wages, including minimum wage and overtime pay for each hour he worked for Defendant, and for any other damages and liquidated damages to which he alleges that he is entitled.

## 6.     Consideration Period

Plaintiff acknowledges that he has been given a reasonable time to review and consider this Agreement before signing it.

## 7.     Right to Counsel

Plaintiff acknowledges that he was informed that he has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Plaintiff acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this Agreement, and that he had an opportunity to and did negotiate over its terms. Plaintiff further acknowledges that his attorneys translated the terms of this Agreement from English to Spanish, and he fully understands these terms.

## 8.     Entire Agreement

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Plaintiff and Defendants further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.

No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and the Owner of the Company.

**9.**     **<u>Full Knowledge, Consent, and Voluntary Signing</u>**

The Parties also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this Agreement; and they have been advised to consult with an attorney, and in fact have been represented by an attorney in this matter.

**10.**     **<u>Taxation</u>**

For the portion of the Settlement Payment subject to tax withholdings, the Company will withhold and report legally required taxes based on the last known IRS W-4 information contained in the Company's files for Plaintiff. If Plaintiff desires to update his withholding information, Plaintiff must provide a new IRS Form W-4 at the same time as Plaintiff submits the signed Agreement to the Company. Plaintiff agrees that he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the settlement payments designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against him by any taxing authority.

**11.**     **<u>Nonassignment</u>**

Plaintiff expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 3(d)); (b) any rights that he may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

**12.**     **<u>Neutral Construction</u>**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the Agreement.

**13.**     **<u>Severability</u>**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

**14.**     **<u>Nonadmission</u>**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

15.    **Confidentiality and Non-Disparagement**

Except as otherwise required by law, or as part of his participation in an investigation by a government agency, Plaintiff agrees that neither he nor his attorney or agents will disclose the terms of this Agreement to anyone except Plaintiffs attorneys and tax advisors, and that such persons shall be told that the information must be kept confidential. Additionally, Plaintiff agrees that he will refrain from making any disparaging statements, comments or remarks concerning the Company, except as otherwise required by law or as part of his participation in an investigation by a government agency. Defendants agree that they will refrain from making any disparaging statements, comments or remarks concerning Plaintiff, except to the Company's attorneys, tax advisors, other officers of the Company in order to carry out their job duties, as part of their participation in an investigation by a government agency, or as required by law. All employment verification requests should be directed to the Company's Human Resources Department. If the Defendants receive an employment verification request from a prospective employer about Plaintiff, they agree only to disclose that Plaintiff was employed by the Company, the dates of employment and position(s) held and Defendant further agrees and promises that nothing regarding this lawsuit will be mentioned or suggested in the course of giving out an employment verification information.

16.    **Counterpart Signatures**

This Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

17.    **Acknowledgement**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**EACH INDIVIDUAL OR ENTITY SIGNING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE WARRANTS AND REPRESENTS THAT HE OR SHE HAS THE FULL AUTHORITY AND IS DULY AUTHORIZED AND EMPOWERED TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PARTY FOR WHICH HE OR SHE SIGNS.**

**THIS DOCUMENT IS A RELEASE OF ALL CLAIMS, PLEASE READ CAREFULLY BEFORE SIGNING**

JOSE IRRIZARRY TORRES

_____          _____
By:  Jose Irrizarry Torres                                      Date

GEORGE CARDENAS LANDSCAPING, LTD.,

_____          _____
By:  George Cardenas, Owner of George          Date
       Cardenas Landscaping, Ltd.

GEORGE CARDENAS

_____          _____
By:  George Cardenas                                          Date

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Mucio Lino Betancur ("Plaintiff"), George Cardenas, Individually, and George Cardenas Landscaping Ltd., (the "Company" or "Defendants") (collectively referred to as the "Parties"), to completely settle and resolve all issues between the Parties relating to unpaid wages alleged by Plaintiff, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Company alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, Case No. 14 C 04661, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied each and every allegation in the Lawsuit, and denied that it in any way violated the listed statutes, or was otherwise liable to Plaintiff.

WHEREAS, Defendants deny that they are liable to Plaintiff for any reason whatsoever, and this instrument shall not constitute any admission or evidence of unlawful or improper conduct, nor shall it be construed as constituting any admission of fault, wrongdoing or liability by Defendants;

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows;

1. **Settlement Payment**

(a) In consideration for the promises in this Agreement, Defendants shall pay Plaintiff the gross sum of **five thousand dollars ($5,000.00)**, as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon Plaintiff signing this Agreement, approval of this Agreement by the Court, dismissal of the Lawsuit as provided in Paragraph 4 of this Agreement. The Settlement Payment shall be made and distributed as follows:

(b) Within fourteen (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

i. One check payable to "Mucio Lino Betancur" in the gross amount of **two thousand five hundred dollars ($2,500.00),** less required legal withholdings as payment for any alleged unpaid wages. The Company shall issue Plaintiff an IRS Form W-2 for this payment.

ii. One check payable to "Mucio Lino Betancur" in the gross amount of **two thousand five hundred dollars ($2,500.00),** as payment for liquidated damages, penalties, and other consideration. The Company shall issue Plaintiff an IRS Form 1099 for this payment.

2. **Payment of Attorneys' Fees and Costs**

(a) Within fourteen (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

**Exhibit A-3**

(i)     The Company shall cause to be delivered a check payable to "Billhorn Law Firm" to John Billhorn in the amount of **six thousand nine hundred and nine dollars ($6,909.00),** representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to Billhorn Law Firm for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Billhorn Law Firm for this payment (FEIN # 26-0543160).

(ii)     The Company shall cause to be delivered a check payable to "Farmworker and Landscaper Advocacy Project" in the amount of **three thousand three hundred forty-one dollars ($3,341.00)**, representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to the Farmworker and Landscaper Advocacy Project for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Farmworker and Landscaper Advocacy Project for this payment (FEIN # 36-4306362).

**3.     Release and Covenant Not to Sue**

(a)     To the greatest extent permitted by law, Plaintiff, on behalf of himself and his agents, heirs, and assigns, hereby waives, releases and promises never to assert in any forum any and all wage and hour claims relating in any manner to his compensation while employed with Defendants that were or could have been asserted in the Lawsuit and which Plaintiff ever had or may presently have against Defendants or any of the other Released Parties arising from the beginning of time up to and through and including the date Plaintiff executes this Agreement, including claims concerning or in any way related to any alleged unpaid minimum wage, straight time wage, overtime wage, final compensation, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Portal-to-Portal Act, 29 U.S.C. § 251, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA")..

(b)     The Company waives, releases and promises never to assert in any forum any and all claims that were or could have been asserted in the Lawsuit and all other claims against Plaintiff, whether asserted or not asserted, which the Company ever had or may presently have against Plaintiff arising from the beginning of time up to and through and including the date the Company executes this Agreement.

(c)     Plaintiff understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action instituted by either party alleging a breach of this Agreement.

(d)     Except as otherwise stated herein, Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Company as described in Paragraph 3a above, and any affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister companies, and as intended third-party beneficiaries, each of their vendors, predecessors, successors, heirs and assigns, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

(e)     This Agreement includes and extinguishes all claims Plaintiff may have for , attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates his claims for attorneys' fees and costs, and he hereby waives, compromises, releases and discharges any such claims and liens.

(f)     Plaintiff promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release.
Nothing in this release and covenant not to sue restricts the Plaintiff's right or the rights of the Released Parties to enforce this Agreement and the promises set forth herein.

## 4.    <u>Dismissal</u>

Defendant  will submit this Agreement to the Honorable Judge Amy J. St. Eve for court approval, and Plaintiff will request dismissal of the Lawsuit with prejudice and each party to bear its own fees and costs, as provided in this Agreement. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that he does not presently have any claims pending against the Released Parties before any court, agency or other person/entity other than those identified herein. The dismissal of the case shall be "without prejudice" until such times all funds have been properly credited to Plaintiff's account as well as all attorney's fee payments have also been properly credited to the attorney's accounts, at which time Defendant may enter an agreed Stipulation To Dismiss "with prejudice".

## 5.    <u>Plaintiff's Acknowledgement of Compensation</u>

Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated him for all wages, including minimum wage and overtime pay for each hour he worked for Defendant, and for any other damages and liquidated damages to which he alleges that he is entitled.

## 6.    <u>Consideration Period</u>

Plaintiff acknowledges that he has been given a reasonable time to review and consider this Agreement before signing it.

## 7.    <u>Right to Counsel</u>

Plaintiff acknowledges that he was informed that he has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Plaintiff acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this Agreement, and that he had an opportunity to and did negotiate over its terms. Plaintiff further acknowledges that his attorneys translated the terms of this Agreement from English to Spanish, and he fully understands these terms.

## 8.    <u>Entire Agreement</u>

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Plaintiff and Defendants further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.

No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and the Owner of the Company.

**9.     Full Knowledge, Consent, and Voluntary Signing**

The Parties also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this Agreement; and they have been advised to consult with an attorney, and in fact have been represented by an attorney in this matter.

**10.     Taxation**

For the portion of the Settlement Payment subject to tax withholdings, the Company will withhold and report legally required taxes based on the last known IRS W-4 information contained in the Company's files for Plaintiff. If Plaintiff desires to update his withholding information, Plaintiff must provide a new IRS Form W-4 at the same time as Plaintiff submits the signed Agreement to the Company. Plaintiff agrees that he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the settlement payments designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against him by any taxing authority.

**11.     Nonassignment**

Plaintiff expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 3(d)); (b) any rights that he may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

**12.     Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the Agreement.

**13.     Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

**14.     Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

15.     **Confidentiality and Non-Disparagement**

Except as otherwise required by law, or as part of his participation in an investigation by a government agency, Plaintiff agrees that neither he nor his attorney or agents will disclose the terms of this Agreement to anyone except Plaintiffs attorneys and tax advisors, and that such persons shall be told that the information must be kept confidential. Additionally, Plaintiff agrees that he will refrain from making any disparaging statements, comments or remarks concerning the Company, except as otherwise required by law or as part of his participation in an investigation by a government agency. Defendants agree that they will refrain from making any disparaging statements, comments or remarks concerning Plaintiff, except to the Company's attorneys, tax advisors, other officers of the Company in order to carry out their job duties, as part of their participation in an investigation by a government agency, or as required by law. All employment verification requests should be directed to the Company's Human Resources Department. If the Defendants receive an employment verification request from a prospective employer about Plaintiff, they agree only to disclose that Plaintiff was employed by the Company, the dates of employment and position(s) held and Defendant further agrees and promises that nothing regarding this lawsuit will be mentioned or suggested in the course of giving out an employment verification information.

16.     **Counterpart Signatures**

This Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

17.     **Acknowledgement**

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**EACH INDIVIDUAL OR ENTITY SIGNING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE WARRANTS AND REPRESENTS THAT HE OR SHE HAS THE FULL AUTHORITY AND IS DULY AUTHORIZED AND EMPOWERED TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PARTY FOR WHICH HE OR SHE SIGNS.**

**THIS DOCUMENT IS A RELEASE OF ALL CLAIMS, PLEASE READ CAREFULLY BEFORE SIGNING**

MUCIO LINO BETANCUR

_____          _____
By:  Mucio Lino Betancur                                            Date

GEORGE CARDENAS LANDSCAPING, LTD.,

_____          _____
By:  George Cardenas, Owner of George                  Date
       Cardenas Landscaping, Ltd.

GEORGE CARDENAS

_____          _____
By:  George Cardenas                                              Date

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into between Juan Lopez ("Plaintiff"), George Cardenas, Individually, and George Cardenas Landscaping Ltd., (the "Company" or "Defendants") (collectively referred to as the "Parties"), to completely settle and resolve all issues between the Parties relating to unpaid wages alleged by Plaintiff, in accordance with the terms of this Agreement, as follows:

WHEREAS, Plaintiff filed a lawsuit against the Company alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS § 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, Case No. 14 C 04661, which is currently pending in the United States District Court for the Northern District of Illinois (the "Lawsuit"). Defendants have denied each and every allegation in the Lawsuit, and denied that it in any way violated the listed statutes, or was otherwise liable to Plaintiff.

WHEREAS, Defendants deny that they are liable to Plaintiff for any reason whatsoever, and this instrument shall not constitute any admission or evidence of unlawful or improper conduct, nor shall it be construed as constituting any admission of fault, wrongdoing or liability by Defendants;

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows;

1.   **Settlement Payment**

(a)      In consideration for the promises in this Agreement, Defendants shall pay Plaintiff the gross sum of **one thousand five hundred dollars ($1,500.00),** as provided in this Paragraph (the "Settlement Payment"). Payment of the Settlement Payment is contingent upon Plaintiff signing this Agreement, approval of this Agreement by the Court, dismissal of the Lawsuit as provided in Paragraph 4 of this Agreement. The Settlement Payment shall be made and distributed as follows:

(b)   Within fourteen   (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

i.      One check payable to "Juan Lopez" in the gross amount of **seven hundred and fifty dollars ($750.00),** less required legal withholdings as payment for any alleged unpaid wages. The Company shall issue Plaintiff an IRS Form W-2 for this payment.

ii.      One check payable to "Juan Lopez" in the gross amount of **seven hundred and fifty dollars ($750.00),** as payment for liquidated damages, penalties, and other consideration. The Company shall issue Plaintiff an IRS Form 1099 for this payment.

2.   **Payment of Attorneys' Fees and Costs**

(a)   Within fourteen (14) days after approval of this Agreement by the Court and dismissal of the lawsuit as provided in Paragraph 4 of this Agreement, and provided that Plaintiff has signed this Agreement, the Company shall cause to be delivered to the attorneys for Plaintiff the following checks:

**Exhibit A-4**

(i)        The Company shall cause to be delivered a check payable to "Billhorn Law Firm" to John Billhorn in the amount of **six thousand nine hundred and nine dollars ($6,909.00),** representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to Billhorn Law Firm for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Billhorn Law Firm for this payment (FEIN # 26-0543160).

(ii)       The Company shall cause to be delivered a check payable to "Farmworker and Landscaper Advocacy Project" in the amount of **three thousand three hundred forty-one dollars ($3,341.00)**, representing payment for all Plaintiffs' attorneys' fees and costs.  While the Company agrees to separate Settlement and General Release Agreements with each Plaintiff, the Company agrees to the above payment for all attorneys' fees and costs due to the Farmworker and Landscaper Advocacy Project for representation of all Plaintiffs collectively as a result of the lawsuit filed against the Company under Case No. 14 C 04661.  The Company will issue an IRS Form 1099 to the Farmworker and Landscaper Advocacy Project for this payment (FEIN # 36-4306362).

**3.        Release and Covenant Not to Sue**

(a)        To the greatest extent permitted by law, Plaintiff, on behalf of himself and his agents, heirs, and assigns, hereby waives, releases and promises never to assert in any forum any and all wage and hour claims relating in any manner to his compensation while employed with Defendants  that were or could have been asserted in the Lawsuit and  which Plaintiff ever had or may presently have against Defendants or any of the other Released Parties arising from the beginning of time up to and through and including the date Plaintiff executes this Agreement, including claims concerning or in any way related to any alleged unpaid minimum wage, straight time wage, overtime wage, final compensation, any other wages or compensation, and/or any related penalties, interest, costs, attorneys' fees, compensatory damages, punitive damages, liquidated damages, and any other remedies available at law or equity, including but not limited to, claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), as amended, the Portal-to-Portal Act, 29 U.S.C. § 251, et seq., the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA")..

(b)        The Company waives, releases and promises never to assert in any forum any and all claims that were or could have been asserted in the Lawsuit and all other claims against Plaintiff, whether asserted or not asserted, which the Company ever had or may presently have against Plaintiff arising from the beginning of time up to and through and including the date the Company executes this Agreement.

(c)        Plaintiff understands and agrees that he may not reinstate the Lawsuit or use as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendants, this Agreement or the Settlement Payment, except in an action instituted by either party alleging a breach of this Agreement.

(d)        Except as otherwise stated herein, Plaintiff agrees that this release and covenant not to sue includes all claims and potential claims against the Company as described in Paragraph 3a above, and any affiliated companies, including each of their parents, subsidiaries, divisions, partners, joint venturers, sister companies, and as intended third-party beneficiaries, each of their vendors, predecessors, successors, heirs and assigns, and their past, present and future directors, officers, members, agents, owners, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

2 of 6

(e)     This Agreement includes and extinguishes all claims Plaintiff may have for , attorneys' fees and costs. More particularly, Plaintiff acknowledges that this Agreement is intended to be a resolution of disputed claims and that Plaintiff is not a "prevailing party." Moreover, Plaintiff specifically intends and agrees that this Agreement fully contemplates his claims for attorneys' fees and costs, and he hereby waives, compromises, releases and discharges any such claims and liens.

(f)     Plaintiff promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release.
Nothing in this release and covenant not to sue restricts the Plaintiff's right or the rights of the Released Parties to enforce this Agreement and the promises set forth herein.

## 4.     **Dismissal**

Defendant will submit this Agreement to the Honorable Judge Amy J. St. Eve for court approval, and Plaintiff will request dismissal of the Lawsuit with prejudice and each party to bear its own fees and costs, as provided in this Agreement. It is intended that this Agreement shall constitute full and final settlement of all claims alleged in the Lawsuit, and the ultimate dismissal with prejudice shall be binding upon Plaintiff. Plaintiff represents and warrants that he does not presently have any claims pending against the Released Parties before any court, agency or other person/entity other than those identified herein. The dismissal of the case shall be "without prejudice" until such times all funds have been properly credited to Plaintiff's account as well as all attorney's fee payments have also been properly credited to the attorney's accounts, at which time Defendant may enter an agreed Stipulation To Dismiss "with prejudice".

## 5.     **Plaintiff's Acknowledgement of Compensation**

Plaintiff agrees that, with the Settlement Payment, Defendants fully compensated him for all wages, including minimum wage and overtime pay for each hour he worked for Defendant, and for any other damages and liquidated damages to which he alleges that he is entitled.

## 6.     **Consideration Period**

Plaintiff acknowledges that he has been given a reasonable time to review and consider this Agreement before signing it.

## 7.     **Right to Counsel**

Plaintiff acknowledges that he was informed that he has the right to consult with an attorney before signing this Agreement, and that this Paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Plaintiff acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this Agreement, and that he had an opportunity to and did negotiate over its terms. Plaintiff further acknowledges that his attorneys translated the terms of this Agreement from English to Spanish, and he fully understands these terms.

## 8.     **Entire Agreement**

The Parties agree that this Agreement shall be construed and enforced in accordance with the laws of the State of Illinois. Plaintiff and Defendants further agree that this Agreement sets forth the entire agreement between the parties and supersedes any written or oral understanding, promise, or agreement directly or indirectly related to, which is not referred to and incorporated in this Agreement.

No other promises or agreements shall be binding unless made in writing and signed by Plaintiff and the Owner of the Company.

**9.      Full Knowledge, Consent, and Voluntary Signing**

The Parties also agree that they are entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; they have not been coerced, threatened, or intimidated into signing this Agreement; and they have been advised to consult with an attorney, and in fact have been represented by an attorney in this matter.

**10.     Taxation**

For the portion of the Settlement Payment subject to tax withholdings, the Company will withhold and report legally required taxes based on the last known IRS W-4 information contained in the Company's files for Plaintiff. If Plaintiff desires to update his withholding information, Plaintiff must provide a new IRS Form W-4 at the same time as Plaintiff submits the signed Agreement to the Company. Plaintiff agrees that he alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding the foregoing payments, aside from the payroll taxes withheld from the portion of the settlement payments designated as wages. Plaintiff further agrees to indemnify Defendants from any liability against him by any taxing authority.

**11.     Nonassignment**

Plaintiff expressly represents that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 3(d)); (b) any rights that he may have to assert claims on their behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Plaintiff promises that any monies, benefits or other consideration he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges.

**12.     Neutral Construction**

The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either of the Parties, regardless of who drafted the Agreement.

**13.     Severability**

To the extent that a court of competent jurisdiction holds that any portion of this Agreement is invalid or legally unenforceable, Plaintiff and Defendants agree that the remaining portions shall not be affected and shall be given full force and effect.

**14.     Nonadmission**

This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants or the Released Parties of any (i) liability or wrongdoing to Plaintiff, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement. Defendants specifically deny any liability or wrongdoing.

**15.**     <u>**Confidentiality and Non-Disparagement**</u>

Except as otherwise required by law, or as part of his participation in an investigation by a government agency, Plaintiff agrees that neither he nor his attorney or agents will disclose the terms of this Agreement to anyone except Plaintiffs attorneys and tax advisors, and that such persons shall be told that the information must be kept confidential. Additionally, Plaintiff agrees that he will refrain from making any disparaging statements, comments or remarks concerning the Company, except as otherwise required by law or as part of his participation in an investigation by a government agency. Defendants agree that they will refrain from making any disparaging statements, comments or remarks concerning Plaintiff, except to the Company's attorneys, tax advisors, other officers of the Company in order to carry out their job duties, as part of their participation in an investigation by a government agency, or as required by law. All employment verification requests should be directed to the Company's Human Resources Department. If the Defendants receive an employment verification request from a prospective employer about Plaintiff, they agree only to disclose that Plaintiff was employed by the Company, the dates of employment and position(s) held and Defendant further agrees and promises that nothing regarding this lawsuit will be mentioned or suggested in the course of giving out an employment verification information.

**16.**     <u>**Counterpart Signatures**</u>

This Agreement may be executed in counterparts. Faxed, e-mailed or portable document format (PDF) signatures shall be treated as originals, with original signatures to follow.

**17.**     <u>**Acknowledgement**</u>

The Parties declare that they have completely read this Agreement and acknowledge that it is written in a manner calculated to be understood by them. The Parties fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enter into this Agreement.

**EACH INDIVIDUAL OR ENTITY SIGNING THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE WARRANTS AND REPRESENTS THAT HE OR SHE HAS THE FULL AUTHORITY AND IS DULY AUTHORIZED AND EMPOWERED TO EXECUTE THIS AGREEMENT ON BEHALF OF THE PARTY FOR WHICH HE OR SHE SIGNS.**

**THIS DOCUMENT IS A RELEASE OF ALL CLAIMS, PLEASE READ CAREFULLY BEFORE SIGNING**

JUAN LOPEZ

_____          _____
By:  Juan Lopez                                             Date

GEORGE CARDENAS LANDSCAPING, LTD.,

_____          _____
By:  George Cardenas, Owner of George             Date
       Cardenas Landscaping, Ltd.

GEORGE CARDENAS

_____          _____
By:  George Cardenas                                      Date